JOURNAL ENTRY AND OPINION.
{¶ 1} This is the second appeal filed by Gregory Bryant challenging his one-year consecutive sentence, which stemmed from his conviction for possession of drugs. On his prior appeal, we remanded for resentencing. Bryant now appeals the court's judgment at resentencing, and assigns the following errors for our review:
 {¶ 2} "I. The trial court erred when it failed to consider the resentencing as a sentencing de novo, and instead treated the resentence as supplemental to the original sentencing."
 {¶ 3} "II. The trial court erred by ordering that Mr. Bryant's sentence run consecutively to the other sentences that had been imposed on Mr. Bryant."
 {¶ 4} Having reviewed the arguments of the parties and the pertinent law, we affirm the decision of the trial court. The apposite facts follow.
 {¶ 5} On November 3, 2000, a Cuyahoga County Grand Jury issued a multiple count indictment against Bryant, including one count of possessing crack cocaine in an amount of between five and ten grams. At the sentencing hearing, the court sentenced Bryant to one-year imprisonment to be served consecutively to a pre-existing sentence which Bryant was then serving. On appeal from that judgment, Bryant contended that the court failed to find R.C. 2929.14(E)(4) factors permitting imposition of consecutive sentences. We agreed with his contention and remanded the case for resentencing. On remand, the trial court resentenced Bryant and again imposed a one-year consecutive sentence. Bryant now appeals that judgment.
 {¶ 6} We first address Bryant's second assigned error, where he challenges the court's imposition of a consecutive sentence at resentencing, contending that the court failed to provide the statutorily required findings and reasons.
 {¶ 7} When a trial court imposes consecutive sentences, its discretion is guarded in that it must make findings under R.C.2929.14(E)(4) and must give reasons for the findings under R.C.2929.19(B)(2)(c). The requisite findings are necessity, proportionality both as to the seriousness of the offender's conduct and danger posed to the community, and one of the statutory fact situations under R.C.2929.14(E)(4)(a),(b), or (c). R.C. 2929.14(E)(4) provides:
 {¶ 8} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 9} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 10} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 11} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 12} Here, the transcript reflects the following statements by the court:
 {¶ 13} "THE COURT: Mr. Bryant, counsel, at the time of his original sentencing, I think I have a duty to impose what I thought was a fair and reasonable sentence. That is precisely what I believe I did, and I considered Mr. Bryant's personal circumstances then.
 {¶ 14} "I considered his prior contact with the criminal justice system. I gave great weight to the fact that Mr. Bryant had continued to engage in criminal behavior, even though he had other cases, even though he was awaiting disposition of those other cases and he committed this offense for which a mandatory prison term was required by law, a felony of the third degree in which drugs exceeding a certain weight would prove to be in Mr. Bryant's possession.
 {¶ 15} "* * *.
 {¶ 16} "* * * I found then, I felt then and still feel that consecutive sentences in this kind of a situation are necessary to protect the public from future crimes, and that they are also necessary to punish Mr. Bryant for his behavior.
 {¶ 17} "I don't feel that under the circumstances that consecutive sentences are disproportionate to the seriousness of his conduct and the danger that he poses to the public by continuing to engage in this elicit [sic] drug activity." (Tr. 10-11.)
 {¶ 18} Our review of the record indicates the court made the requisite necessity and proportionality findings, and, as Bryant concedes, a 2929.14(E)(a) finding, namely, he committed the multiple offenses while awaiting trial or sentencing. In addition, the record indicates the court articulated its reasons prior to making these findings, stating, "I considered his prior contact with the criminal justice system," and "I gave great weight to the fact that Mr. Bryant had continued to engage in criminal behavior, even though he had other cases, even though he was awaiting disposition of those other cases and he committed this offense for which a mandatory prison term was required by law." This analysis of Bryant's conduct, which forms the basis of all the requisite statutory findings made by the court, although not artful, sufficiently supports those findings.
 {¶ 19} Accordingly, we conclude that the court satisfied the requirements of R.C. 2929.14(E)(4) and 2929.19(B)(2)(c). Bryant's contention to the contrary lacks merit.
 {¶ 20} We next address Bryant's first assigned error. Here, he argues the trial court erred in conducting the resentencing as a procedure supplemental to the original sentencing rather than a new sentencing hearing.
 {¶ 21} As this court has stated, when a case is remanded due to sentencing errors, the trial court must conduct a complete sentencing hearing for resentencing.[1] Here, a review of the record indicates that the court began the resentencing hearing by recounting the procedural history of this case, which included the original sentencing, Bryant's appeal, and the remand by our court. In making its findings, the court also made reference to the original sentencing. The court's reference to the original sentencing, however, do not render the resentencing "supplemental" to the original sentencing. As we have determined, the court at the sentencing hearing made all the requisite statutory findings for the consecutive sentence and the record reflects sufficient reasons to support those findings. Accordingly, this assigned error is also without merit.
Judgment affirmed.
COLLEEN CONWAY COONEY, J., and *JOSEPH J. NAHRA, J., concur.
* SITTING BY ASSIGNMENT: JUDGE JOSEPH J. NAHRA, RETIRED, OF THE EIGHTH DISTRICT COURT OF APPEALS.
[1] State v. Bolling (July 19, 2001), Cuyahoga App. No. 78632.